UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**VINCENT D. ROBERSON**     **CIVIL ACTION NO. 19-1285**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**OUACHITA CORRECTIONAL**     **MAG. JUDGE KAREN L. HAYES**
**CENTER, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff Vincent D. Roberson, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on July 8, 2019, under 42 U.S.C. § 1983. He names Ouachita Correctional Center ("OCC") and Doctor Parker as defendants.[1] For the following reasons, the Court should dismiss Plaintiff's claims.

### Background

In his initial pleading, Plaintiff claims that Dr. Parker gave him too much medication, which caused him to suffer a stroke. [doc. # 1, p. 4]. He adds, "they will not fix my meds at all." *Id.* He seeks a transfer to a "DOC jail," $500,000.00, and an injunction ordering the "jail to stop messing up on the offenders' meds." *Id.*

In his amended pleading, Plaintiff claims that there is mold in his sleeping area and in the showers. [doc. # 11, p. 3]. He also claims that "Nurse Parker" gave him too much insulin "for approximately 6 months in 2018[,]" which caused him to pass out or faint 8-10 times each week and which caused lapses of memory and diminished mental capacity. *Id.* at 4. He has not had any blood testing in over two years. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

His hands stay swollen, and he has sores on his leg. *Id.* at 3. These injuries "could be from . . . too much insulin or from the unsanitary conditions . . . ." *Id.* He seeks $500,000.00. *Id.* at 5.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Duplicative Proceeding

The Court should dismiss Plaintiff's claims because they are duplicative, frivolous, and malicious.  "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."  *Bailey*, 846

F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations in a proceeding that he filed before he filed this proceeding: *Vincent D. Roberson v. Ouachita Correctional Center*, 3:19-cv-0707 (W.D. La. Oct. 2, 2019). There, the undersigned summarized some of Plaintiff's allegations thusly:

> Plaintiff alleges that he is confined in unsanitary conditions: gnats fly over his food when he eats, and mold is present in the shower and in the cell where he eats and sleeps. [doc. # 1, p. 3]. Plaintiff also alleges that he is diabetic and that doctors do not give him enough insulin. *Id.* He suggests that, due to the lack of insulin, he had a stroke and has "been going in and out . . . ." *Id.*
>
> In his amended pleading, Plaintiff writes that "Ms. Parker who passes out meds" sometimes "purposely messes up" his insulin. [doc. # 6]. When he objects to Parker's actions, "they" try to place him in lockdown. *Id.*
>
> . . . .
>
> Plaintiff seeks $500,000.00, and, without elaborating, asks the Court to "help other offenders." *Id.*

*Id.* at doc. 7. On October 2, 2019, the Court dismissed the claims that Plaintiff raised in the prior proceeding. *Id.* at doc. 8.

As the claims in this proceeding are duplicative, frivolous, and malicious, the Court should dismiss them with prejudice.[3] See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Vincent D. Roberson's claims be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and

---

[3] That Plaintiff names a different defendant in this proceeding does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

malicious.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 7th day of November, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE